**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIE A. ARNOLD,

        Plaintiff-Appellant,

    v.

METLIFE AUTO & HOME; et al.,

        Defendants-Appellees.

No. 20-15453

D.C. No. 5:19-cv-03920-VKD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Virginia K. DeMarchi, Magistrate Judge, Presiding**

Submitted January 20, 2021***

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

    Marie A. Arnold appeals pro se from the district court's judgment

dismissing her diversity action alleging state law claims for negligence and

negligent misrepresentation.  We have jurisdiction under 28 U.S.C. § 1291.  We

_____

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The parties consented to proceed before a magistrate judge.  *See*
28 U.S.C. § 636(c).

        ***    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Arnold's action because Arnold failed to allege facts sufficient to state a plausible claim. *See id.* at 341-42 (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (when determining whether a plaintiff states a claim for relief, the court "may consider facts contained in documents attached to the complaint"); *Carrera v. Maurice J. Sopp & Son*, 99 Cal. Rptr. 3d 268, 276 (Ct. App. 2009) (elements of negligence claim); *Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 70 Cal. Rptr. 3d 199, 213 (Ct. App. 2007) (elements of negligent misrepresentation claim); *see also Pac. Rim Mech. Contractors, Inc. v. Aon Risk Ins. Servs. W., Inc.*, 138 Cal. Rptr. 3d 294, 297-98 (Ct. App. 2012) (discussing "limited duty" owed by insurance brokers).

The district court did not abuse its discretion by denying Arnold's request to supplement her complaint because adding new defendants would not cure the pleading deficiencies and therefore would be futile. *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (setting forth standard of review and grounds for supplementing a complaint under Fed. R. Civ. P. 15(d)); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)

(leave to amend may be denied where amendment would be futile).

**AFFIRMED.**